**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

ROBERT HECHTER SILVERMAN,

Plaintiff,

v.

JULIE HECHTER SILVERMAN,

Defendant.

Civil No. 00-2274 (JRT)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A JURY TRIAL**

---

Susan Anderson McKay, MCKAY LAW OFFICE, 11359 Windrow Drive, Eden Prairie, Minnesota, 55344, for plaintiff.

Michael Baxter, LAW OFFICES OF MICHAEL BAXTER, 14501 Granada Drive, Suite 200, Apple Valley, Minnesota, 55124, for defendant.

Plaintiff Robert Hechter Silverman brings this action against defendant Julie Hechter Silverman pursuant to the Hague Convention, 19 I.L.M. 1501 (1980), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 *et seq.*, alleging that she wrongfully removed their children to or retained them in the United States. Plaintiff contends that the children are habitual residents of Israel within the meaning of Article 3 of the Convention and accordingly seeks an order from the Court directing the prompt return of the children to that country.

FILED FEB 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

This matter is before the Court on the motion by defendant for a jury trial. Defendant brings this motion in light of a decision of the Eighth Circuit Court of Appeals, remanding this case to the district court to consider whether the Silverman children were wrongfully removed. *Silverman v. Silverman*, 267 F.3d 788 (8th Cir. 2001). Defendant argues that the decision of the Eighth Circuit holds that the relief sought in plaintiff's Hague petition is not equitable relief. Consequently, defendant claims that "the law of the case" is that the relief sought by plaintiff is legal relief and as a result, entitles her to a trial by jury on all issues so triable. For the reasons that follow, the Court denies defendant's motion.

## BACKGROUND

Robert Silverman and Julie Hechter Silverman were married in 1989 and have two minor children, Samuel, age 9, and Jacob, age 6. In 1995, the Silvermans moved from Poughkeepsie, New York to Plymouth, Minnesota, where they lived until August 1999, when they moved to Israel. In October of that same year, the couple filed a joint petition of bankruptcy in the United States Bankruptcy Court for the District of Minnesota in which they declared under oath that their permanent address was Plymouth, Minnesota.

In June 2000, Mrs. Silverman left Israel with the two children and returned to Minnesota. She had obtained round-trip tickets with a scheduled return to Israel in August 2000, and had secured Mr. Silverman's written permission to take the children across international borders while "on vacation." On August 10, 2000, just prior to her scheduled return to Israel, Mrs. Silverman filed a petition in Minnesota state court

seeking legal separation from Mr. Silverman and custody of the children. Mr. Silverman was personally served with that petition in Israel.

On August 24, 2000, Mr. Silverman filed a "Request for Return of Abducted Children" with the National Center for Missing and Exploited Children ("NCMEC").[1] On October 5, 2000, he filed a Hague petition in this Court seeking the return of the children to Israel. He also filed a motion in the Minnesota state court proceeding on October 10, 2000, seeking either dismissal of the custody proceedings for lack of subject matter jurisdiction or a stay of the custody proceeding pending resolution of his NCMEC request. On October 17, 2000, the state court referee issued an order granting Mrs. Silverman temporary sole legal custody and temporary sole physical custody of the children, 2) granting Mr. Silverman the right to reasonable visitation, and 3) appointing a guardian ad litem for the children.

In early November, Mrs. Silverman responded to the Hague petition pending in this Court and raised a number of affirmative defenses. She also filed a motion to dismiss the Hague petition, contending that this is an appropriate case for abstention under *Younger v. Harris*, 401 U.S. 37 (1971). On November 13, 2000, United States District Judge Paul A. Magnuson granted defendant's motion to dismiss on abstention grounds, concluding that there is an ongoing state proceeding which implicates important state interests and that Mr. Silverman has an adequate opportunity to raise the Hague

---

[1] Under State Department regulations, the National Center for Missing and Exploited Children is responsible for processing applications seeking the return of children wrongfully removed to or retained in the United States. 22 C.F.R. § 94.6.

issues in state court.[2] *Silverman v. Silverman*, Civ. No. 00-2274 at 5-7 (PAM/JGL) (Nov. 13, 2000). Mr. Silverman appealed that decision to the Eighth Circuit Court of Appeals.

On October 4, 2001, the Eighth Circuit disagreed with Judge Magnuson's decision to abstain and remanded the matter to the District Court for further proceedings. Specifically, the court stated:

> [I]t is apparent that there is a fundamental defect in the federal district court's decision to dismiss Robert's Hague petition on abstention grounds. In Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 707 (1996), the Supreme Court made clear that "federal courts have the power to dismiss or remand based on abstention principles only where the relief sought is equitable or otherwise discretionary." That is not the sort of remedy sought here. The Hague Convention mandates that a court that receives a valid Hague petition must determine whether the child has, in fact, been wrongfully removed:
>
> > Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.
>
> Article 12 (emphasis added). In the absence of discretion with respect to relief, abstention principles do not permit an outright dismissal of a Hague petition. See Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-04 (8th Cir. 1999).

267 F.3d at 792. Thereafter, Mrs. Silverman moved for a rehearing en banc, claiming that the relief sought in a Hague petition is equitable relief and therefore abstention under

---

[2] The Hague convention explicitly vests concurrent jurisdiction in both state and federal courts. 42 U.S.C. § 11603(a).

*Younger* is appropriate and permissible under *Quackenbush*. The Eighth Circuit denied defendant's petition without comment.

Defendant now moves for a jury trial on the basis that the "law of the case," as established by the decisions of the Eighth Circuit, entitles her to a jury trial.[3] According to defendant, the Eighth Circuit held that the relief sought in plaintiff's Hague petition is not equitable relief. If the relief is not equitable, defendant maintains, the relief must be legal and therefore, entitles defendant to a jury trial.

**ANALYSIS**

A right to a jury trial may be conferred by statute or through the Seventh Amendment of the Constitution. *City of Monterey v. Del Monte Dunes at Montery, Ltd.*, 526 U.S. 687, 707 (1999) (determining whether defendant "had a statutory or constitutional right to a jury trial"). Defendant concedes that the Hague Convention does not confer a right to a jury trial. Defendant also recognizes that there is no case under the Hague Convention which was tried to a jury. Therefore, the Court must consider whether constitutional considerations entitle defendant to a jury trial.

The Seventh Amendment guarantees the right to trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amend. VII. The Supreme Court has construed this language to require a jury trial on the merits in those actions that are analogous to "suits at common law," which were

---

[3] On January 4, 2002, Judge Magnuson recused from the case and the matter was reassigned. *See* Docket No. 33.

customarily tried before a jury in the English law courts predating the Constitution. *Tull v. United States,* 481 U.S. 412, 417 (1987).

To determine whether a particular action will resolve legal rights, a court should "examine both the nature of the issues involved and the remedy sought." *Chauffers, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990). The first step is to examine the nature of the action and compare it to Eighteenth Century actions brought in the courts of England before the merger of law and equity. *Id.* The second step is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* The Supreme Court has instructed that the second step is "the more important." *Id.*; *Daisy Group Ltd. v. Newport News Inc.*, 999 F. Supp. 548 (S.D.N.Y. 1998); *Tull*, 481 U.S. at 421.

In this case, defendant claims a right to a jury trial because the Eighth Circuit ruled that a Hague petition is not an equitable remedy. Defendant also suggests that a Hague Convention proceeding is the equivalent of a tort action for which a party is entitled to a jury trial as a matter of right. For the reasons that follow, the Court finds neither argument persuasive.

First, the Court does not find that the decisions of the Eighth Circuit require the Court to grant defendant a jury trial. The Eighth Circuit did not base its decision on whether a Hague petition is legal or equitable. Rather, the Eighth Circuit remanded the case because of the Hague Convention's mandate "that a court that receives a valid Hague Petition must determine whether the child has, in fact, been wrongfully removed." *Id.* at 792. The court concluded that "in the absence of discretion with respect to relief,

abstention principles do not permit an outright dismissal of a Hague petition." *Id.* Thus, the rationale underpinning the ruling by the Eighth Circuit was that relief under the Hague Convention is not discretionary. In addition, the Eighth Circuit's denial of defendant's petition for a rehearing en banc is of no assistance. The Eighth Circuit denied defendant's petition without comment. The Court declines to read anything into this summary denial of defendant's petition.

Defendant's other arguments in support of a jury trial are without merit. In determining whether a right to a jury trial exists for a statutory action that did not exist at common law, courts look to the nature and character of the controversy to determine whether the action would have been one at law or one in equity under common law. As courts consistently emphasize, the second step of the analysis—requiring an examination of the remedy sought to determine whether it is legal or equitable—is the most important. It is this second element of the analysis that is lacking in this case.

Monetary relief for ordinary compensatory damages is fundamental to legal relief subject to the right to a jury trial. Indeed, the text of the Seventh Amendment reflects the need for monetary damages as part of the controversy. U.S. Const. Amend. VII ("[i]n Suits at common law, **where the value in controversy shall exceed twenty dollars**, the right of trial by jury shall be preserved . . . .") (emphasis added). The Hague Convention, by contrast, does not provide for monetary relief.[4] Neither the Hague Convention nor the

---

[4] Although the Hague Convention contains a fee-shifting provision, 42 U.S.C. § 11607(b)(3), a provision allowing a successful litigant to recover attorneys' fees does not mean that the relief at issue is legal. *Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1099 (8th Cir. 1997) (plaintiff's request for attorneys' fees and costs "does not alter the fundamentally equitable nature of its claim for declaratory judgment") (citing *Doucas Volkswagen, Inc. v.*

(Footnote continued on next page.)

procedures set forth in ICARA provide for monetary compensation for the left behind parent as do 42 U.S.C. § 1983, Title VII, or other statutory or common law causes of action for which a right to a jury trial has been recognized. Rather, the Hague Convention is an International Treaty that provides a specific mechanism to request the abducted state to return the child to the state of their habitual residence so that the "state of habitual residence" as defined in the Hague Convention may properly exercise jurisdiction over custody disputes. As the Eighth Circuit recognized in *Rydder v. Rydder,* 49 F.3d 369 (8th Cir. 1995), the primary purpose of the Hague Convention is "to restore the status quo ante and to deter parents from crossing international boundaries in search of a more sympathetic court." *Id.* at 372. Indeed, the relief sought by plaintiff in this case is to order the return of the children to the place of their habitual residence. On this record, the Court denies defendant's motion for a jury trial.[5]

The case is set for a hearing on **March 18, 2002 at 9:30 a.m.** Following the hearing, the Court will make its determination expeditiously in accordance with the

---

(Footnote continued.)
*Volkswagen of America, Inc.*, 893 F. Supp. 15, 16 (E.D. Wis. 1995) (rejecting plaintiffs' request for a jury trial in a declaratory judgment action and holding that plaintiffs' request for attorneys' fees and costs did not alter equitable nature of its action even though the underlying statute contained an attorneys' fees provision)); *Slagenweit v. Slagenweit,* 63 F.3d 719, 721 (8th Cir. 1995).

[5] Defendant's motion for a jury trial also fails on procedural grounds. Rule 38(b) of the Federal Rules of Civil Procedure requires a party to demand a jury trial "in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). "Failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). Defendant filed her answer on November 1, 2000 asserting numerous defenses, but did not request a jury trial on her pleadings as required under this rule.

provisions of the Hague Convention. Art. 11, 19 I.L.M. 1501 (1980) (providing that "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children"). The Court sees no reason for any further delays in the resolution of this dispute.

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for a jury trial [Docket No. 34] is **DENIED**.

2. The parties shall submit Proposed Findings of Fact and Conclusions of Law with the Court by **March 11, 2002.**

3. A hearing on this matter before the undersigned is set for **March 18, 2002, at 9:30 a.m.** or as soon thereafter as counsel can be heard, in Courtroom 13E of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

DATED: Feb. 21, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge