UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBERT HECHTER SILVERMAN,

Petitioner,

v.

JULIE HECHTER SILVERMAN,

Respondent.

Civil No. 00-2274 (JRT)

**ORDER FOR RETURN**

---

Susan Anderson McKay, MCKAY LAW OFFICE, 11359 Windrow Drive, Eden Prairie, Minnesota, 55344, for plaintiff.

Michael Baxter, LAW OFFICES OF MICHAEL BAXTER, 14501 Granada Drive, Suite 200, Apple Valley, Minnesota, 55124, for defendant.

## BACKGROUND[1]

Petitioner Robert Hechter Silverman ("Robert"), a resident of Israel, petitioned this Court for return of the parties' two minor children ("Samuel and Jacob" or "the children") pursuant to the Hague Convention 19 I.L.M. 1501 (1980) as implemented by the United Sates in the International Child Abduction Remedies Act, 42 U.S.C. sections 11601-11610. He brought the petition around the same time that a Minnesota State Court granted temporary custody of the children to respondent Julie Hechter Silverman (now

[1] This case has a complicated and extensive history, and the Court recites only the essential facts in this brief order.

FILED 8·28·03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ________
DEPUTY CLERK ________

Julie Hechter), a resident of the United States. After an evidentiary hearing, this Court denied the petition for return. A panel of the Eighth Circuit Court of Appeals affirmed. Petitioner's request for rehearing *en banc* was granted, and the Court, sitting *en banc*, determined that Israel is the children's place of habitual residence. The Eighth Circuit remanded for an order that the children be returned to Israel for a custody determination in the Israeli Courts. Julie has petitioned the United States Supreme Court for a stay of the return, pending that Court's consideration of her petition for *certiorari*.

The Eighth Circuit's *en banc* opinion did not contemplate or address the practicalities of the return. To that end, both parties have requested additional interim relief from this Court, and respondent has provided the Court with a draft order. The Court held a telephone conference shortly after the Eighth Circuit issued the mandate, and both parties have communicated with the Court via additional written correspondence. This Order implements the *en banc* Court's mandate, and addresses the practicalities of the return left open by the Eighth Circuit.

**Parties' Requests**

Respondent requests that this Court delay implementation of this Order until the United States Supreme Court has acted on her petition for certiorari, or at least until the Circuit Justice has had an opportunity to act on her petition for a stay. She also requests that the Court grant her necessary protections from criminal prosecution in Israel, so that she may have unfettered access to the Israeli Courts to allow those courts to make a fair custody determination, consistent with the Hague Convention and the best interests of the children. Respondent further requests that the Court not order a transfer of custody to

petitioner pending a custody determination in Israeli Courts. Finally, respondent requests that the Court make clear in this Order that the Court is not making any custody determination.[2]

Petitioner, for his part, makes various requests. He requests that the Court immediately transfer custody to him, and that the Court order that he has the exclusive right to the physical and legal custody of the children. Petitioner requests that the Court order respondent to turn over the children's passports. In addition, petitioner requests that the United States Marshal Service instantly pick up the children and hold them in custody until he arrives to return them to Israel.

## I. Time for Return

Petitioner requests that the children be returned almost instantly. Respondent requests that the Court stay its order until the Supreme Court acts on the petition for certiorari[3], or at least until the Circuit Justice can act on her request for a stay.[4] The Hague convention provides that the children be returned promptly. The Court finds that it is reasonable, and in keeping with the Hague Convention and the Eighth Circuit's mandate, to make its Order of Return effective upon the Circuit Justice's denial of the

[2] The Court considers these to be respondent's primary requests. Respondent also objects to the majority of petitioner's requests, and requests that the Court make additional items "clear" in the Order.

[3] To the best of this Court's knowledge, the petition for certiorari is yet to be filed.

[4] Respondent's counsel has represented to the Court that the request for the stay will be filed today with the Circuit Justice.

motion for a stay.[5] The Court also finds it reasonable, and consistent with the mandate, to allow respondent a short period of time in which to make travel arrangements and to return with the children should the request for a stay be denied.

The Court understands petitioner's desire that the Court act promptly so that the custody determination may be finalized. However, the children have been in the United States for several years, and a delay of less than a month will not unduly prejudice petitioner or harm the children, and is necessary in this case. The Court anticipates that the Circuit Justice will act promptly on respondent's request and that any delay on that basis will be minimal. It would be foolish, not to mention unnecessarily traumatic for the children and expensive and time consuming for the parents, to order the children returned, and then, should the Circuit Justice grant the stay, order them brought back to the United States. The Court therefore conditions this Order on the denial of the stay.

The Court also will allow respondent up to twenty days, after the Circuit Justice issues a ruling, to return the children to Israel. Twenty days allows for a prompt return of the children, and gives respondent a reasonable amount of time to make necessary travel and other arrangements.[6] This amount of time is in keeping with other orders for

---

[5] Of course, should the Circuit Justice grant the motion for a stay, this Order will not take effect. The Court would vacate this Order under such a circumstance.

[6] It has come to the Court's attention that the children's passports have expired. Respondent's counsel represents that respondent is attempting to secure passports for the boys. By this Order, respondent is required to apply for the passports using the expedited service to ensure that the passports are received within two weeks.

return.[7] *See, e.g., Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800 (N. D. Iowa 2003) (allowing approximately one month for return of child to France); *Belay v. Getachew*, __ F. Supp. 2d __, 2003 WL 21710257 (D. Md. July 8, 2003) (allowing thirty days to return child to Sweden).

## II. Undertakings

Courts in contracting countries have the authority to order the parties to accept "undertakings" to "ameliorate any short-term harm to the child[ren]." *Feder v. Evans-Feder*, 63 F.3d 217 (3rd Cir. 1995) (citing *Thomson v. Thomson*, 119 D.L.R.4th 253 (Can. Sup. 1994)). "Undertakings" are essentially compromises to which the petitioning parent agrees; for example, a petitioning parent might undertake to pay for the return trip for the respondent parent and child.

In this case, Julie requests that Robert undertake to refrain from any action to enforce, or cause to be enforced, threatened actions of criminal charges and ex-parte restraining orders (Tkav Ikuv). Such criminal charges and restraining orders would clearly interfere with her access to the Israeli Courts for a full and fair custody determination. Any such interference would be contrary to the Hague Convention, and would emphatically not be in the best interests of the children.

While the Court may have the authority to condition return of the children on Robert agreeing to such an undertaking, there is no need for such authority here, because

[7] The Court notes, and regrets, that due to the timing of this case, the children might miss the beginning of the school year. The Court trusts that both parties will act in the best interest of the children to work to make the arrangements for return that will be minimally disruptive to the children's education.

Robert has agreed not to take any actions that would cause Julie to be prosecuted.[8] This Order therefore incorporates and reflects that agreement.

## III. Custody Status Quo

There can be no dispute, given the language of the Hague Convention, that this Court has no authority to make a custody determination. In fact, both parties have made that argument to the Court. Nonetheless, petitioner requests that the Court grant full physical and legal custody to him, pending the outcome of the Israeli custody determination. The Court finds no authority—either in the language of the Hague convention, or in the Eighth Circuit's opinion—for this Court to issue such an Order.

Practically, however, someone must have custody of the children pending a final custody determination. The Court therefore turns to the only custody finding that has been made, that of the Minnesota State Court. That Court found that it was in the best interest of the children to be in Julie's custody. The Court therefore orders that the custody arrangement ordered by the Minnesota State Court be continued until an Israeli Court orders otherwise.[9]

---

[8] Counsel for petitioner suggests that because petitioner has not taken any action to prosecute respondent for the past three years, he obviously is not interested in pursuing such an action. Such a suggestion might offer respondent little comfort, however, since she has not returned to Israel in that time.

[9] Should Julie refuse to comply with this Order of Return, the Court will issue a separate order authorizing Robert to return the children to Israel. Nothing in this Order, however, allows the United States Marshal Service authorization to arrest, or to pick up and hold, the children. Such an outrageous request would be unnecessarily traumatic to the children.

## IV. Additional Considerations

It is by no means a foregone conclusion that the Israeli Courts will grant custody to Robert. Similarly, the Israeli Court might determine that it is in the children's best interests to return to their school in Boston pending the custody determination. Nothing in this Order prevents the children from being returned to the United States, should an Israeli Court of competent jurisdiction so order, or so allow.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Julie Hechter shall immediately apply for passports for Samuel and Jacob, using the expedited process;

2. Pending the effective date of this ORDER, Julie Hechter shall not remove the children from the District of Massachusetts unless she first receives written permission from this Court. Written requests for such permission shall be copied to petitioner and his counsel.

THE FOLLOWING PORTION OF THIS ORDER (paragraphs 3 through 7) BECOMES **EFFECTIVE** IF AND WHEN THE UNITED STATES SUPREME COURT DENIES RESPONDENT'S APPLICATION FOR A STAY OF THESE PROCEEDINGS:

3. Samuel and Jacob shall be **RETURNED** to Israel, in the company of their mother, within 20 days of the Supreme Court Circuit Justice's denial of a stay of these proceedings;

4. As soon as arrangements for the return are made, Julie Hechter shall inform the Court and respondent, in writing, of the date and flight information of the journey, and shall inform the Court and respondent of any subsequent modifications of the schedule;

5. Should Julie Hechter be unwilling to accompany the children in keeping with this order, the Court will issue a separate order providing that Samuel and Jacob be returned to Israel accompanied by Robert Silverman;

6. Robert Silverman shall not interfere with Julie Hechter's access to a full and fair custody hearing in the Israeli Courts. For that reason, and per the undertaking described above, Robert Silverman shall not initiate or attempt to influence any criminal proceedings against Julie Hechter, or take any other actions which limit Julie Hechter's access to the Israeli Courts, or to any Court making a lawful custody determination;

7. The present physical custody arrangement shall be **MAINTAINED** until the Israeli Courts can make a final custody determination. The parties shall cooperate to ensure each Robert Silverman has reasonable visitation with the children.

DATED: August 28, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge