THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
CV-00-2274-JRT/FLLN

RECEIVED BY U.S. MAIL
2004 MAY 26 AM 9:18
CLERK, U.S. DIST COURT MINNEAPOLIS, MN

****************************************

Robert Silverman,

Petitioner,

Vs.

Julie Schuster, f/k/a Julie Hechter Silverman.,

Respondent.

****************************************

PETITIONER, ROBERT SILVERMAN'S RESPONSE TO MEMORANDUM OF RESPONDENT REGARDING AWARD OF ATTORNEY FEES, COURT COSTS AND TRANSPORTATION COSTS FOR THE MINOR CHILDREN PURSUANT TO 42 U.S.C.A. § 11607(b)(3)

DISCUSSION

In Robert's memorandum submitted on September 29, 2003, he set forth a chronology of events. Notwithstanding the chronology outlining the court actions and requests for relief that extended beyond the initial order for return and an order on September 18, 2003, the Respondent's seeking of a stay of the return order from the Supreme Court which was denied and a subsequent Petition for Writ of Certiorari from the Supreme Court that was denied on January 12, 2004, the Respondent contends that the Petitioner's motion for attorney fees is untimely. Throughout these proceedings Petitioner preserved his claim for attorney fees by consistently requesting that they be awarded. His specific motion with documentation of his fees was made eleven days after this court's order on September 18, 2003. The claim that Petitioner's motion for attorney fees is untimely doesn't fit with the reality of the respondent's continued legal actions in

SCANNED
MAY 26 2004
U.S. DISTRICT COURT MPLS

this case, which contributed to even more attorney fees for the Petitioner. The need to respond to the most recent argument regarding timeliness has also increased Petitioner's attorney fees.

Petitioner submits that all of his fees and costs are recoverable based upon the cost and fee shifting provision found in the International Child Abduction Remedies Act, ICARA 42 U.S.C.A. § 11607(b)(3). Petitioner's position from the very outset of these proceedings has been vindicated and he is, without question, the prevailing party in this Hague Convention Action. The substantial costs and delays were necessitated by the Respondent's legal position and procedures which the Eighth Circuit Court of Appeals recognized were not supported by law. This includes her pursuit of a ruling on the merits of custody in the Hennepin County Minnesota proceeding in which the Petitioner was required to make several limited appearances to assert his claim under Article 16 of the Hague Convention that proceedings on the merits of custody must be stayed until a determination is made under the Convention that the children are not to be returned and Petitioner's need to return to that court to seek a vacation of all of the rulings based on lack of jurisdiction. . . . not just the limited concessions the Respondent was willing to make.

Respondent again attempts to portray herself as a victim in her plea for sympathy when she recites how her lifestyle has changed as a result of the ruling of the court in the Hague Convention Proceedings and the need to return to Israel to participate in the custody proceedings. That argument is misplaced and shifts the focus away from the goals of the convention in preventing international kidnapping. The focus should not be on how the abductor has been wronged as a result of her abduction of the children.

Respondent is not a victim. She voluntarily chose to retain the children in the United States in contravention of the Hague Convention. The Convention and ICARA recognize that it is the children and the left behind parent that are harmed by the International abduction of children. Congress made findings with respect to children that "[t]he international abduction or wrongful retention of children is harmful to their well-being" 42 U.S.C. 11601(a)(1) and that "[p]ersons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention." 42 U.S.C. 11601(a)(2). These findings are consistent with the objects of the Convention in Protecting Children from International abduction. The Convention states that "International abduction or wrongful retention is harmful to the well-being of children." 19 I.L.M. 1501; 42 USCA 11601(a)(1)(4). The legislature determined that an important aspect of the deterrence of international kidnapping and restoration of the status quo is an appropriate award of attorney fees pursuant to 42 U.S.C.A. § 11607(3) which provides as follows:

> "(3) Any court ordering the return of a child pursuant to an action brought under 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate. "

On September 29, 2003, Petitioner timely submitted his motion seeking an award of attorney fees pursuant to ICARA. The Respondent has made no showing that an award of these fees would be *clearly* inappropriate. Although she recites her current circumstances while finally acknowledging receipt of funds for child support that she previously denied to this court that she had received, her current circumstances are a

product of her own actions in abducting the children from Israel and the harm inflicted upon the children and their relationship with Petitioner. Respondent's circumstances were avoidable and within her control. Mr. Silverman was put in the position of winding his way through the judicial system in the United States, incurring substantial costs and fees and enduring the alienation of his children described by Respondent in order to have a relationship with his children in the nation in which both parties mutually agreed they desired to raise their children in 1999.

Respondent cites Whallon v. Lynn, 356 F.3d. 138 (1st Cir. 2004) for the proposition that no attorney fees should be awarded to the Petitioner. In Whallon, the financial circumstances of the Respondent were considered and the fees were reduced by the trial court. They were not, however, eliminated altogether. In that case there apparently had been no support at all. Respondent originally concealed her receipt of over $25,000.00 from the Petitioner but now acknowledges that she received these sums.

Respondent also now claims to be unemployed and unable to pay for her expenses on her own and that her current husband is supporting the family. The record supports that Ms. Schuster was working and had the ability to work while she resided in Israel after the parties relocated to Israel in 1999 yet she offers no reason why she cannot now obtain a job or be otherwise employed. Ms. Schuster voluntarily chose to relocate to Israel upon the children's return but to do so in a manner that would result in the children being a distance of over two hours from the Mr. Silverman. Just as she offered no explanation about why she could not be employed when she had skills to work while in Minnesota and while in Israel, she offers no explanation why she could not find a residence closer to the father so that the children could have much more regular

contact with their father upon their return to Israel. As with the removal of the children from Israel, the Respondent's financial circumstances are a result of actions she has voluntarily chosen. Respondent has the ability to financially contribute to the support of the children but has chosen not to -- for her own reasons. Petitioner's motion for attorney fees to reimburse him for expenses he had to incur when Respondent abducted the children should not be frustrated by another choice the Respondent has made -- that is to not work and to live a substantial distance from Petitioner so that his contact with the children will be limited.

Consistent with ICARA, Petitioner requests that the Court grant Mr. Silverman's motion for an award of all of his legal fees, costs and transportation costs and vacation of that order requiring the Petitioner to reimburse Respondent for the cost of airfare for tickets she chose not to use even after Petitioner secured confirmation of the rescheduled flight.

Dated: May 25, 2004

McKAY LAW OFFICE

Susan A. McKay, #205515
Attorney for Petitioner
11359 Windrow Drive
Eden Prairie, MN 55344
Telephone: 952-914-0284

# McKay Law Office

SUSAN ANDERSON McKAY
11359 Windrow Drive
Eden Prairie, MN 55344

Phone: 952-914-0284
e-mail: SMCKAY1@mn.rr.com

RECEIVED
BY U.S. MAIL
2004 MAY 26 AM 9:18
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

May 25, 2004

Richard D. Sletten
Clerk of District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE: Silverman v. Schuster
Court File No. 00-CV-2274

Dear Mr. Sletten:

Enclosed herewith for filing please find the original and three copies of the following document of the Petitioner:

> Robert Silverman's Response to Memorandum of Respondent Regarding Award of Attorney Fees, Court Costs and Transportation Costs for the Minor Children.

An affidavit of service will follow.

Very truly yours,

Susan A. McKay
Attorney at Law

Enc. As noted above

cc. Robert Silverman
Michael Baxter via facsimile